UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ORAVETZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ICICLE SEAFOODS,<br><br>　　　　　　　Defendant. | Case No. 2:25-cv-00127-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Pending before the Court are Plaintiff Mark Oravetz's Complaint and Amended In Forma Pauperis Application. Dkts. 2, 5. Title 28 U.S.C. § 1915(e)(2)(B) permits the Court to screen and summarily dismiss non-prisoner pauper complaints and claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Pauper Status**. In the amended motion to proceed in forma pauperis (Dkt. 5), Plaintiff clarifies that he does not have possession of his 70 bars of gold. However, he has not addressed his prior assertion that he has $8,800 in cash or savings. *See* Dkt.1.  He

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 1**

states does not have a job because of a major leg injury, but he also does not have any living expenses. *Id*. Plaintiff has not provided enough information to be granted in forma pauperis status.

There are several deficiencies in the Complaint that require Plaintiff to reconsider whether to amend his Complaint or voluntarily dismiss it.

**<u>Subject Matter Jurisdiction</u>**. First, Plaintiff has not shown that this Court has subject matter jurisdiction over this case. The Court can hear cases that qualify for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00.

Plaintiff is claiming that he worked for Icicle Seafoods in Washington, but he was not paid all of his wages due. He attempts to state a claim under diversity jurisdiction, but both parties are residents of Washington, and there are no clear allegations showing Icicle Foods owes Plaintiff over $75,0000 for past wages, to meet the amount-in-controversy requirement. It appears that this is a claim that should be heard in a Washington state court, not the Idaho federal court.

**<u>Personal Jurisdiction</u>**. Second, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Personal jurisdiction over a

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 2**

nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977). No facts support a conclusion that the Court has personal jurisdiction over the defendant.

**Venue**. Third, venue must also be proper. Legal actions may be brought only in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate.

## ORDER

Accordingly, for all of the foregoing reasons, **IT IS ORDERED**:

1. Plaintiff's Amended in Forma Pauperis Application (Dkt. 5) is DENIED.

2. Plaintiff's Complaint is DISMISSED without prejudice to amending it to state a claim, to show that personal jurisdiction over the defendant is appropriate, and to show that venue is appropriate.

3. Plaintiff must not file a motion to amend his in forma pauperis application without also filing an amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 3**

4. Failure to file a proper amended complaint correcting the deficiencies identified herein within 21 days after entry of this Order will result in dismissal of this case for the reasons set forth above, without further notice to Plaintiff.

DATED: August 2, 2025

B. Lynn Winmill
U.S. District Court Judge